**THE AGUILERA LAW GROUP, APLC**
Eric Aguilera (SBN 192390)
Kimberly R. Arnal (SBN 200448)
Lindsee Falcone (SBN 268072)
23046 Avenida De La Carlota, Suite 300
Laguna Hills, CA 92653
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
karnal@aguileragroup.com
lfalcone@aguileragroup.com
alg@aguileragroup.com

Attorneys for Plaintiff, The Travelers Indemnity Company of Connecticut

**UNITED STATE DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, a Connecticut Corporation,<br><br>Plaintiff,<br>vs.<br><br>RODRIGO JAVIER BENITEZ RAMOS, an individual,<br><br>Defendant. | CASE NO.:<br><br>**THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT'S COMPLAINT FOR DECLARATORY RELIEF** |

Plaintiff THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ("TRAVELERS") pleads the following allegations on information and belief in support of its complaint herein:

**JURISDICTION**

1. Plaintiff TRAVELERS is now, and at all relevant times was, a corporation, existing under the laws of the State of Connecticut, with its principal place of business in Connecticut. TRAVELERS is, and at all relevant times was, an insurance carrier eligible

1

**COMPLAINT FOR DECLARATORY RELIEF**

to do business as an insurer in the State of California.

2. TRAVELERS is informed and believes and thereon alleges that defendant RODRIGO JAVIER BENITEZ RAMOS is an individual domiciled in Perris, California.

3. This Court has original jurisdiction under 28 U.S.C. § 1332 in that this is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interests, seventy-five thousand dollars ($75,000).

4. This Court has diversity jurisdiction as TRAVELERS is domiciled in Connecticut and the defendant is domiciled in California.

## VENUE

5. Plaintiff TRAVELERS is informed and believes and thereon alleges that the acts and/or omissions at issue in this litigation took place in this judicial district within the State of California and/or the Subject Accident occurred in this judicial district, and specifically, in an unincorporated area of Riverside County, California. Venue, therefore, lies with this Court.

## GENERAL ALLEGATIONS

### The Relevant Insurance Policy

6. TRAVELERS issued policy No. VTC2E-CAP-4R629321-TCT-24, effective 5/1/2024 – 5/1/2025 to CLP Ownership, LLP ("the Policy"). The Policy includes City Power & Light ("CLP") as a named insured and contains limits of $1 million per occurrence for uninsured motorist coverage.

7. Under the terms of the Policy, TRAVELERS has an obligation to pay those sums that an insured becomes legally obligated to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle," subject to various limitations and exclusions in the Policy. The terms, limitations, and exclusions of the uninsured motorist coverage afforded by the Policy are set forth, in part, in the California Uninsured Motorists Coverage – Bodily Injury endorsement to the Policy.

8. The California Uninsured Motorists Coverage – Bodily Injury endorsement, numbered CA 21 54 11 16, provides in part as follows:

A. **Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle." The damages must result from "bodily injury" sustained by the "insured" caused by an "accident." The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

2. We will pay only after the limits of liability under any liability bonds or policies have been exhausted by payment of judgments or settlements.

3. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

\* \* \*

C. **Exclusions**

**This insurance does not apply to any of the following:**

\* \* \*

3. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law…

\* \* \*

D. **Limit of Insurance**

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the Limit Of Insurance for Uninsured Motorists Coverage shown in the Schedule or Declarations.

2. For a vehicle described in Paragraph b. of the definition of "uninsured motor vehicle", our Limit of Insurance shall be reduced by all sums paid because of "bodily injury" by or for anyone who is legally

**COMPLAINT FOR DECLARATORY RELIEF**

responsible, including all sums paid or payable under this policy's Covered Autos Liability Coverage.

3. No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage and any Liability Coverage form or Medical Payments Coverage endorsement attached to this Coverage Part.

We will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible.

We will not pay for any element of "loss" if a person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law.

\*\*\*

E. **Changes in Conditions**

The Conditions are changed for California Uninsured Motorists Coverage – Bodily Injury as follows:

\*\*\*

**4. Other Insurance** in the Auto Dealers and Business Auto Coverage Forms and Other Insurance – Primary And Excess Insurance Provisions in the Motor Carrier Coverage Form are replaced by the following:

If there is other applicable insurance available under one or more policies or provisions of coverage:

a. The maximum recovery under all Coverage Forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any Coverage Form or policy providing coverage on either a primary or excess basis.

4

**COMPLAINT FOR DECLARATORY RELIEF**

\* \* \*

5. The following condition is added:

    **Arbitration**

    a. If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "uninsured motor vehicle" or do not agree as to the amount of damages that recoverable by that "insured", the disagreement will be settled by arbitration. Such arbitration may be initiated by a written demand for arbitration made by either party. The arbitration shall be conducted be a single neutral arbitrator. However, disputes concerning coverage under this endorsement may not be arbitrated…

**The Subject Accident**

9. At all relevant times herein, BENITEZ RAMOS was employed with CLP, a named insured of TRAVELERS with regard to policy No. VTC2E-CAP-4R629321-TCT-24.

10. TRAVELERS is informed and believes that in conjunction with that employment, CLP provided BENITEZ RAMOS with a company vehicle for his business use.

11. BENITEZ RAMOS contends that he was in an automobile accident on June 27, 2024, in an unincorporated area of Riverside County, California while driving a 2015 Dodge RAM 2500, owned by CLP, on his way to work for CLP (the "Subject Accident").

12. BENITEZ RAMOS contends that the Subject Accident was caused by a third party who is alleged to have lost control and crashed into the side of BENITEZ RAMOS' vehicle. TRAVELERS is informed and believes that BENITEZ RAMOS further contends that the liable third party was underinsured.

///

**COMPLAINT FOR DECLARATORY RELIEF**

**The Underlying Claim**

13. Counsel for BENITEZ RAMOS has informed TRAVELERS that it will be sending a demand for uninsured motorist coverage under the Policy (the "Underlying Claim").

14. Travelers is informed and believes that in the Underlying Claim, BENITEZ RAMOS seeks compensation under the uninsured motorist provisions of the Policy for miscellaneous personal injuries he claims to have sustained and medical expenses he contends were incurred as a result of the Subject Accident.

15. California's workers' compensation system entitles an employee injured while acting in the scope of employment to receive compensation for reasonably required past and future medical expenses, as well as any past or future lost earnings.

16. California law provides that an employee operating a vehicle furnished by his employer is in the scope of employment while commuting to and from the place of employment. Furnishing transportation is read as an agreement that the employment relationship continues during the period of "going and coming."

17. TRAVELERS is informed and believes that BENITEZ RAMOS was acting in the scope of his employment at the time of the Subject Accident.

18. TRAVELERS is informed and believes that BENITEZ RAMOS has not made and completed a claim under workers' compensation for the Subject Accident, but instead has treated outside of the workers' compensation system. TRAVELERS is further informed and believes that BENITEZ RAMOS is instead pursuing an underinsured motorist claim for the injuries he allegedly suffered in the Subject Accident despite being repeatedly advised of his obligation to pursue the entirety of those injuries in workers compensation.

**FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**
**(By TRAVELERS Against BENITEZ RAMOS)**

19. TRAVELERS hereby re-alleges and incorporates by reference each of the allegations contained in all preceding paragraphs of this Complaint as though fully set forth

herein.

20. An actual, present and justiciable controversy has arisen and now exists between TRAVELERS on the one hand and BENITEZ RAMOS on the other, concerning coverage under the California Uninsured Motorists Coverage – Bodily Injury endorsement to TRAVELERS policy No. VTC2E-CAP-4R629321-TCT-24.

21. In particular, TRAVELERS contends and BENITEZ RAMOS denies the following:

   a. BENITEZ RAMOS was entitled to receive payment for elements of "loss" he sustained in the Subject Accident under California's workers' compensation law.

   b. TRAVELERS policy No. VTC2E-CAP-4R629321-TCT-24 provides no coverage for those elements of "loss" that BENITEZ RAMOS sustained in the Subject Accident for which he would have been entitled to receive payment under California's workers' compensation law.

   c. TRAVELERS has no duty under the Policy to compensate BENITEZ RAMOS for any elements of "loss" sustained in the Subject Accident for which he (1) could have received payment under California's workers' compensation law and (2) did receive payment or did not receive payment under California's workers' compensation law due to his failure to file/pursue a claim, including all past and future medical damages and all past and future lost earnings alleged to have arisen from the Subject Accident.

   d. The limits of coverage available to BENITEZ RAMOS under TRAVELERS policy No. VTC2E-CAP-4R629321-TCT-24 are reduced by the amounts recovered by BENITEZ RAMOS from the underinsured driver, the amounts BENITEZ RAMOS obtained from workers' compensation, and the amounts for which BENITEZ

RAMOS could have received payment under California's workers' compensation law, which includes all past and future lost earnings and all past and future medical damages alleged to have arisen from the Subject Accident.

22. TRAVELERS is informed and believes that BENITEZ RAMOS disputes these contentions and contends that the Policy requires TRAVELERS to compensate BENITEZ RAMOS for all elements of "loss" he sustained in the Subject Accident, regardless of whether he was compensated, could have been compensated, and/or retains his right to obtain further compensation for those losses under California's workers' compensation system and without any offset to the policy limits.

24. By reason of the foregoing, a declaratory judgment is both proper and necessary, so that the respective rights, duties, and obligations as between TRAVELERS and BENITEZ RAMOS may be determined under the provisions of the Policy.

## **PRAYER FOR RELIEF**

TRAVELERS respectfully prays for judgment, as follows:

1. For a judicial declaration that TRAVELERS has no obligation under TRAVELERS policy No. VTC2E-CAP-4R629321-TCT-24 to issue payment to BENITEZ RAMOS for any elements of "loss" sustained in the Subject Accident for which he (1) could have received payment under California's workers' compensation law and (2) did receive payment or did not receive payment under California's workers' compensation law due to his failure to pursue his claim, including all past and future medical damages and past and future lost earnings alleged to have arisen from the Subject Accident.

2. For a judicial declaration that the limits of coverage available to BENITEZ RAMOS under TRAVELERS policy No. VTC2E-CAP-4R629321-TCT-24 are reduced by the amounts recovered by BENITEZ RAMOS from the underinsured driver and workers' compensation, as well as amounts for which BENITEZ RAMOS could have received payment under California's workers' compensation law had he completed his workers'

compensation claim.

3. For costs of suit herein;

4. For such other and further relief as this Court deems just and proper.

Dated: October 13, 2025                    **THE AGUILERA LAW GROUP, APLC**

By: _____
A. Eric Aguilera, Esq.
Kimberly R. Arnal, Esq.
Lindsee Falcone, Esq.
Counsel for Plaintiff, The Travelers Indemnity Company of Connecticut

9

**COMPLAINT FOR DECLARATORY RELIEF**